**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LEE D. WEST and LYNN M. WEST, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | No. 08 C 2154 |
| | ) | |
| COPIAGUE FUNDING CORPORATION, | ) | Hon. Robert W. Gettleman |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

Defendants Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.)

("Homecomings"), Aurora Loan Services, LLC ("Aurora"), and Mortgage Electronic Systems,

Inc. ("Mortgage Electronic") (collectively, the "Moving Parties"), by their counsel, J. Matthew

Goodin and Christine E. Obrochta (Locke Lord Bissell & Liddell, LLP), respectfully move this

Court for an order dismissing Plaintiffs' Amended Complaint pursuant to Rules 12(b)(1) and

12(b)(6) of the Federal Rules of Civil Procedure and state as follows:

**FACTUAL BACKGROUND**

On September 15, 2006, Plaintiffs closed on two mortgage loan transactions—a "first-

lien loan" and a "second-lien loan." (Amended Complaint ("Compl."), Docket No. 18, ¶¶ 26-27,

37 and Exs. E-O).[1]  Defendant Copiague Funding Corporation, d/b/a South Shore Mortgage

Company ("Copiague"), was Plaintiffs' mortgage broker in connection with the loan

---

[1] The exhibits originally filed with Plaintiff's Amended Complaint were virtually illegible.
Plaintiffs requested, and the Court granted, leave to re-file the exhibits separately.  References
herein to the exhibits are to the copies separately filed on July 22, 2008 [Docket No. 25].

transactions.  (*Id.* ¶¶ 96-97; Ex. C).  Homecomings was the creditor identified in the mortgage loan documents.  (*Id.*).

On or about April 14, 2008, Homecomings received a letter from Plaintiffs' counsel dated April 10, 2008, purporting to serve as a Notice of Rescission for the two mortgage loan transactions. (*Id.* Ex. Q).  The Notice of Rescission stated that the borrowers were electing to rescind due to alleged "noncompliance with the Truth in Lending Act," 15 U.S.C. §§ 1601, *et seq.* ("TILA").  (*Id.*).

On April 16, 2008—just six days after the Notice of Rescission was dispatched—Plaintiffs initiated this action asserting claims for, among other forms of relief, rescission of the subject loans, statutory damages, actual damages, and attorneys fees and costs, pursuant to sections 1635 and 1640 of TILA.  (Original Complaint, Docket No. 1).

On April 30, 2008—within twenty days of the date counsel *dispatched* the Notice of Rescission—Defendants' counsel delivered a letter to Plaintiffs' counsel (a) acknowledging receipt of Plaintiffs' Notice, (b) disputing Plaintiffs' entitlement to rescind but agreeing to rescind nevertheless, subject to tender of amounts set forth in the letter in accordance with TILA, and (c) enclosing account histories so that Plaintiffs' counsel could confirm the required tender amounts.  (*See* counsel's April 30, 2008 letter attached hereto as *Exhibit 1*).[2]  To date, Plaintiffs have not tendered amounts necessary to complete the rescission of their loans, despite more than three months having passed since they issued their Notice and Homecomings acceded to their request.  Plaintiffs' failure to tender, or even identify a date by which they will tender, strongly suggests that Plaintiffs are simply unable to do so.

_____

[2] Counsel's April 30 letter also noted Defendants' objection to Plaintiffs' commencement of this action less than one week after the Notice of Rescission was sent and demanded immediate dismissal of the lawsuit pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## ARGUMENT[3]

### I.     APPLICABLE STANDARDS.

The Supreme Court recently ruled that a plaintiff must state a plausible claim and allege sufficient facts to support the allegations in the complaint in order to avoid dismissal under Rule 12(b)(6).  *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1965 (2007).  The Seventh Circuit has interpreted the *Twombly* decision as imposing two hurdles on a plaintiff:  "First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests.  Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff pleads itself out of court."  *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (*citing Twombly*, 127 S. Ct. at 1965, 1973 n.14) (internal quotations omitted).

Rule 12(b)(1) provides a vehicle for a party to dismiss an action for lack of subject matter jurisdiction.  Plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing a basis for jurisdiction.  *Lujan v. Defenders of Wildlife*, 112 S. Ct. 2130, 2136, 504 U.S. 555 (1992); *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 946 (7th Cir. 2003).  In ruling on a motion under Rule 12(b)(1), the court must accept as true all well-pled factual allegations and draw reasonable inferences in favor of

---

[3] On July 22, 2008, Plaintiffs filed a Notice of Dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure and dismissed Counts II-IV of the Amended Complaint.  (*See* Docket No. 24).  Plaintiffs' Rule 41(a) Notice also withdrew all putative class allegations and factual allegations contained in paragraphs 36, 39, and 53-56 of the Amended Complaint.  Accordingly, this Motion addresses only those Counts of the Amended Complaint that remain—Count I against the Moving Parties and Counts V-VI against Homecomings.

the plaintiff, *Sladek v. Bell Sys. Mgmt. Pension Plan*, 880 F.2d 972, 975 (7th Cir. 1989),

but the court is also free to weigh evidence to determine whether jurisdiction has indeed

been established. *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993).

Moreover, when "standing is challenged as a factual mater, the plaintiff must come

forward with 'competent proof'- that is a showing by a preponderance of the evidence

that standing exists." *Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003). "If a

plaintiff cannot establish standing to sue, relief from this court is not possible, and

dismissal under 12(b)(1) is the appropriate disposition." *Am. Fed. of Gov. Employees,*

*Local 2119 v. Cohen*, 171 F.3d 460, 465 (7th Cir. 1999).

## II.     PLAINTIFFS' CLAIMS FOR DAMAGES AND ATTORNEYS' FEES UNDER TILA (COUNT I) ARE TIME BARRED OR OTHERWISE PRECLUDED AND SHOULD BE DISMISSED.

In Count I of their Amended Complaint, Plaintiffs seek, in addition to rescission of their

loans, statutory damages, actual damages, and attorneys' fees and costs pursuant to section 1640

of TILA. However, such claims are either time-barred or precluded as a matter of law by

Plaintiffs' own affirmative allegations, and should be dismissed pursuant to Rule 12(b)(6).

Claims for damages under TILA must be brought within one year of the alleged

violation. *See* 28 U.S.C. § 1640(e). The date of any alleged TILA disclosure violation in the

context of a mortgage transaction is the date the transaction is consummated or "closed"—the

date the borrower executes and becomes obligated under the loan documents *See* 12 C.F.R. §

226.2(a)(13); *Streit v. Fireside Chrysler-Plymouth, Inc.*, 697 F.2d 193, 196 (7th Cir. 1983);

*Dowdy v. First Metro. Mortg. Co.,* No. 01 C 7211, 2002 WL 745851, *2. (N.D. Ill., Jan. 29,

2002) (Holderman, J.). Actions seeking relief under section 1640 of TILA brought more than

one year after the loan transaction closed are time barred unless the complaint adequately alleges

failure to rescind after a valid notice of rescission as an independent violation.  *See Greer v. Bank One*, No. 01 C 7352, 2002 WL 1732366, *2-3 (N.D. Ill. July 25, 2002) (Andersen, J.); *see also Dowdy,* 2002 WL 745851 at *2.

In this case, Plaintiffs' loan transactions closed more than one year prior to the filing of this action—on September 15, 2006.  (Compl. ¶¶ 26-27, 37 and Exs. E-P).  Accordingly, any claim predicated on alleged disclosure violations is time barred.  Moreover, because Plaintiffs' own allegations and exhibits demonstrate that they commenced this action only six days after issuing their Notice of Rescission and because Homecomings acknowledged and accepted Plaintiffs' Notice of Rescission and began the rescission process within the twenty-day period afforded by TILA, Plaintiffs have not and cannot state a claim for damages or attorneys' fees under TILA as a matter of law.  (*See* Compl. Ex. Q; *Ex. 1*); *Personius v. HomeAmerican Credit, Inc.*, 234 F. Supp. 2d 817, 819-20 (N.D. Ill. 2002) (Castillo, J.) (dismissing rescission claim where defendant acknowledged and accepted rescission demand and suit was commenced less than twenty days after notice of rescission was tendered); *Jefferson v. Security Pacific Fin'l Serv., Inc.*, 161 F.R.D. 63, 69 (N.D. Ill. 1995) (Castillo, J.) (citing *James v. Home Constr. Co.*, 621 F.2d 727 (5th Cir. 1980)) ("TILA gives the creditor twenty (20) days to act on a rescission claim before the matter can be brought before a court."); *McNinch v. Mortgage Am., Inc.*, 250 B.R. 848, 852 (Bkrtcy. W.D. Pa. 2000) (claim for failure to respond to valid rescission notice does not accrue until 20 days after the rescission notice is delivered).  Plaintiffs' claims for damages, attorneys' fees, and any other form of relief sought pursuant to section 1640 of TILA should therefore be dismissed with prejudice.

III. **PLAINTIFFS' "CLAIM" FOR RESCISSION UNDER TILA (COUNT I) SHOULD BE DISMISSED BECAUSE THEY LACK STANDING—THE CLAIM WAS NOT RIPE WHEN THE CASE WAS COMMENCED AND IS NOW MOOT.**

Plaintiffs "claim" for rescission of the loan transactions pursuant to section 1635 of TILA is also defective, and the balance of Count I should therefore be dismissed pursuant to Rule 12(b)(1), because Plaintiffs affirmatively acknowledge that they filed suit before expiration of the twenty-day period afforded to respond to a notice of rescission under TILA. *See Jefferson*, 161 F.R.D. at 69. Thus, Plaintiffs' purported rescission "claim" was not ripe when the action was commenced, and the Court lacked jurisdiction to decide the issue. *Id.*; *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 626 (7th Cir. 2007) ("In order to satisfy Article III's jurisdictional requirements, the requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).") (internal quotes omitted); *Indiana Right to Life, Inc. v. Shepard*, 507 F.3d 545, (7th Cir. 2007) ("A case or controversy requires a claim that is ripe and a plaintiff who has standing.").

Similarly, because Homecomings subsequently accepted Plaintiffs' rescission demand before expiration of the twenty-day period prescribed by TILA, Plaintiffs' rescission claim is now moot and may not proceed. *Personius*, 234 F. Supp. 2d at 819-20; *Jefferson*, 502 F.3d at 626 (citing *Powell v. McCormack*, 395 U.S. 486, 496, 89 S. Ct. 1944 (1969))("[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome, the case is (or the claims are) moot and must be dismissed for lack of jurisdiction.") (internal quotes omitted). The law in this jurisdiction is clear—when a defendant offers to satisfy a plaintiff's entire demand, there is no dispute to litigate and the case should be terminated. *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). Plaintiffs may not insist on litigating after a defendant offers to provide all the relief the plaintiff is entitled to recover and the case or

controversy has become moot.  *Alliance to End Repression v. City of Chicago*, 820 F.2d 873, 878

(7th Cir. 1987); *Holstein v. City of Chicago*, 803 F. Supp. 205, 209 (N.D. Ill. 1992), *aff'd* 29 F.3d

1145 (7th Cir. 1994).

The court in *Personius* was presented with virtually identical facts.  On June 26, 2002,

Plaintiffs' counsel sent defendant a letter requesting rescission due to alleged noncompliance

with TILA.  234 F. Supp. 2d at 817.  Defendant's counsel responded on July 1, 2002, requesting

an explanation of the alleged TILA breaches.  *Id.*  On July 2, 2002, Plaintiffs' counsel faxed a

letter detailing the alleged irregularities in each loan transaction that entitled Plaintiffs to rescind

the loans.  *Id.*  On July 3, Plaintiffs filed a lawsuit seeking rescission, statutory damages and

attorney fees.  *Id.*  On July 8, prior to receiving Plaintiffs' complaint and within the twenty-day

period afforded by TILA, Defendant agreed to rescind.  Judge Castillo granted defendant's

motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), concluding as follows:

> [Defendant] Upland claims that Plaintiffs lack standing to sue because its offer to
> rescind the loans effectively vitiated any litigable dispute, and thus divested this
> Court of subject matter jurisdiction.  *See Rand v. Monsanto Co.*, 926 F.2d 596,
> 597-98 (7th Cir. 1991); *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012,
> 1015 (7th Cir. 1999).  Plaintiffs argue that Upland's offer to rescind is defective
> because: (1) Upland failed to terminate its security interest in the loans as required
> by Regulation Z, 12 C.F.R. § 226.23(d)(2); and (2) Upland is prohibited from
> requiring Plaintiffs to sign a release from liability as a condition of rescission.
>
> We agree with Upland that its pre-suit offer to rescind the loans rendered
> Plaintiffs' claim for rescission moot.  Thus, Plaintiffs lack standing to sue and we
> do not have jurisdiction to hear the case.  *See* U.S. Const. Art. III, § 2; *United
> States v. Balint*, 201 F.3d 928, 936 (7th Cir. 2000) (recognizing that "a case is
> moot if there is no possible relief which the court could order that would benefit
> the party seeking it").  The relief that Plaintiffs sought and was available to them
> was fulfilled by Upland's agreement to rescind the loans. Plaintiffs' arguments
> that Upland's offer to rescind was defective does not alter this result.
>
> * * * * *
>
> Although it is true that upon a notice of rescission TILA generally requires that
> the creditor perform first and unilaterally by returning monies and releasing its
> security interest, *see* 15 U.S.C. § 1635(b), there is no absolute prohibition against
> conditioning rescissions on some act by the borrower.

7

Id. at 819.

In this case, Homecomings has offered to satisfy Plaintiffs' demand for rescission of the subject mortgage loans.  It has timely acknowledged Plaintiffs' Notice of Rescission, identified the amounts Plaintiffs are required to tender in order to complete the transaction, and requested a reasonable settlement agreement that memorializes the terms of the transaction.  Homecomings has agreed to release its mortgages and terminate Plaintiffs' obligations simultaneously with Plaintiffs' tender of the required amounts.  Count I of Plaintiffs' Amended Complaint is therefore moot and should be dismissed.

## IV.     PLAINTIFFS FAIL TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM UNDER CROA (COUNT V).

Plaintiffs' claim for alleged violation of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679, *et seq.* ("CROA"), specifically, section 1679b, is factually deficient and should also be dismissed.  The entirety of Count V consists of (a) a single, incomplete and non-specific allegation that "Defendants violated CROA by fraudulently inflating and falsifying plaintiffs' [sic] on their loan applications," and (b) a block-quote from section 1679(b) of CROA.  This attempt falls well short of the minimum pleading requirements.  *See Twombly*, 127 S. Ct. at 1964-65 (the federal pleadings standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action.").  Moreover, CROA claims predicated in fraud must be pled with the particularity required by Rule 9(b).  *See Slack v. Fair ISAAC Corp.,* 390 F. Supp. 2d 906 (N.D. Cal. 2005).  Plaintiffs offer no facts whatsoever to demonstrate how "Defendants" violated provisions of CROA, and fail to allege with particularity where and when ***Homecomings*** made any false statement or counseled another person to make false statements.

8

Plaintiffs attempt to cure this obvious pleading deficiency with a boilerplate allegation that "Copiague Funding was Homecomings' agent" in the disputed transaction. (Compl. ¶ 34). But, again, Plaintiffs allege no facts to support this legal conclusion. *See Jones v. ABN AMRO Mortg. Group, Inc.*, 551 F. Supp. 2d 400, 410 (E.D. Pa. 2008) (dismissing RESPA claims against lenders predicated on acts of brokers where plaintiff failed to plead sufficient facts to support a *prima facie* case of common law agency).

Moreover, even if Plaintiffs could plead and prove the existence of an agency relationship, which they cannot, Plaintiff forgets that Homecomings was the lender in the disputed transactions. If Copiague were in fact Homecomings' agent, and its acts or statements could be imputed to Homecomings, then any such false or misleading statements were made by Homecomings to Homecomings. This cannot possibly constitute a violation of the law. CROA itself provides, in relevant part:

> No person may--
>
> (1) make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading (or which, upon the exercise of reasonable care, should be known by the credit repair organization, officer, employee, agent, or other person to be untrue or misleading) with respect to any consumer's credit worthiness, credit standing, or credit capacity to--
>
> > (A) any consumer reporting agency (as defined in section 1681a(f) of this title); or
> >
> > (B) any person--
> >
> > > (i) who has extended credit to the consumer; or
> > >
> > > (ii) to whom the consumer has applied or is applying for an extension of credit…

15 U.S.C. § 1679b. An examination of the pertinent language shows that there are two references to a "person." The first reference, in the beginning of the section, generally prohibits a "person" from making false representations about a consumer's creditworthiness or capacity.

9

The second reference to "person" relates to whom such false representation is made—a consumer reporting agency or a person to whom the consumer has applied for credit. The statute makes clear that the two "persons" must be different. That is, one person must make a false statement to *another* person. Thus, a person cannot be guilty of violating the statute for making a false statement or representation to itself. Indeed, it is difficult to imagine how a party could make a false representation to itself, or why, if for some reason a party could make a false representation to itself, the law would make such conduct actionable. While creative, this is clearly not how Congress intended the statute to be applied.

Accordingly, Plaintiffs fail to state a claim under CROA and Count V of Plaintiffs' Amended Complaint should be dismissed.

## V.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE ILLINOIS CONSUMER FRAUD ACT (COUNT VI).

Plaintiffs' claim for alleged violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505, *et. seq.* ("ICFA"), is also deficient and should be dismissed. To state a claim under the ICFA, one must sufficiently plead the following elements: (1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) that the deception occur in a course of conduct involving trade and commerce; and (4) actual damage to the plaintiff; (5) proximately caused by the deception. *See Geschke v. Air Force Ass'n*, 425 F.3d 337, 345 (7th Cir. 2005); *DeLeon v. Beneficial Constr. Co.*, 55 F. Supp. 2d 819, 825 (N.D. Ill. 1999). Plaintiffs do little more than recite the formulaic elements of an ICFA claim in Count VI of their Amended Complaint. Plaintiffs assert a variety of conclusory allegations without providing factual support. Defendants broadly allege that "Defendants" engaged in "practices [that] were deceptive and unfair;" that "defendants engaged in such conduct with the intent that plaintiffs rely on their deception;" and that "Plaintiffs was [sic]

10

damaged as a result." But mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient to meet the federal pleadings standard. *Twombly*, 127 S. Ct. at 1964-65.

Not only do Plaintiffs' claims fail to satisfy the general pleading standard imposed by *Twombly*, they fall exceedingly short of the heightened pleading requirement of Rule 9(b). "Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting fraud shall be stated with particularity." *Uni*Quality Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992). The rule generally requires a plaintiff to plead the "who, what, when, and where of the alleged fraud." *Id.* "A complaint alleging a violation of the [ICFA] must be pled with the same particularity and specificity as that required under common law fraud under Rule 9(b)." *Costa v. Mauro Chevrolet, Inc.*, 390 F. Supp. 2d 720, 731 (N.D. Ill. 2005). When the alleged fraud is purportedly committed by an agent, general allegations of agency do not satisfy the particularity requirement. *Lachmund v. ADM Investor Services*, Inc., 191 F.3d 777, 783 (7th Cir. 1999); *Morequity, Inc. v. Naeem*, 118 F. Supp. 2d 885, 895-96 (N.D. Ill. 2000).

Plaintiffs' ICFA claim is predicated on allegations of fraud purportedly committed by Copiague. Plaintiffs make no allegation that Homecomings made any misstatement to them. Indeed, Plaintiffs rely entirely upon a generic allegation that Copiague was Homecomings' agent, but state no facts to support this legal conclusion. *See Jones*, 551 F. Supp. 2d at 410. This kind of conclusory allegation is certainly not sufficient to satisfy the heightened particularity requirement of Rule 9(b).

In *Morequity v. Naeem*, the plaintiff brought claims of fraud and a violation of the ICFA against the defendant based upon alleged misrepresentations by a purported agent. 118 F. Supp. 2d 885, 895 (N.D. Ill. 2000). There were no facts alleged to support the agency relationship

other than the conclusory assertion that the party making the misrepresentation was an agent of the defendant.  The court held that general allegations of agency do not contain the requisite particularity to show that the defendant had vest actual or apparent authority in the agent to act on its behalf.  *Id.* at 895-96.  Just like the complaint in *Morequity*, the complaint against Homecomings in this case is predicted on the empty assertion that Copiague was Homecomings' agent.  There are, however, no facts offered to support that conclusion.  As a result, the claims do not satisfy the specificity and particularity requirements of Rule 9(b), and Plaintiffs' ICFA claim against Homecomings must be dismissed.

## CONCLUSION

For each of the foregoing reasons, Defendants Homecomings Financial, LLC (f/k/a Homecomings Financial Network, Inc.), Aurora Loan Services, LLC, and Mortgage Electronic Systems, Inc., respectfully request that this Court enter an order dismissing Plaintiffs' Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and grant such further relief as this Court deems just and appropriate.

**Dated:**  August 11, 2008

**HOMECOMINGS FINANCIAL, LLC,
AURORA LOAN SERVICES, and
MORTGAGE ELECTRONIC SYSTEMS, INC.**

By:  ___/s/ J. Matthew Goodin_____
        One of Their Attorneys

J. Matthew Goodin
Christine E. Obrochta
LOCKE LORD BISSELL & LIDDELL LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone:  312-443-0472
Fax:  312-896-6472
E-mail:jmgoodin@lockelord.com
          cobrochta@lockelord.com

## <u>CERTIFICATE OF SERVICE</u>

I, J. Matthew Goodin, certify that on August 11, 2008, I had a true copy of the preceding

document filed with the Court and served via the court's electronic filing system.


       /s/ J. Matthew Goodin

CHI1 1508740v.6

# EXHIBIT 1



111 South Wacker Drive
Chicago, IL 60606
Telephone: 312-443-0700
Fax: 312-443-0336
www.lockelord.com

J. Matthew Goodin
Direct Telephone: 312-443-0472
Direct Fax: 312-896-6472
mgoodin@lockelord.com

**Locke Lord Bissell & Liddell** LLP

Attorneys & Counselors

April 30, 2008

***VIA HAND DELIVERY***

Mr. Al Hofeld, Jr.
Law Offices of Al Hofeld, Jr., LLC
208 South LaSalle Street
Suite 1650
Chicago, Illinois 60604
al@alhofeldlaw.com

Re:  ***West v. Copiague Funding, et al.,*** Case No. 08 C 2154 (N.D. Ill.)

Dear Al:

As indicated in my previous letter of April 22, 2008, we represent the Defendants in the above-referenced lawsuit and in connection with your clients' demand for rescission of the mortgage loans referenced in your April 10, 2008 correspondence to our clients.

As an initial matter, I would like to address your clients' lawsuit, which was initiated on April 16, 2008—just six days after a written demand for rescission was made, or two weeks before the 20-day time period afforded creditors to begin the rescission process under Section 1635(b) of Truth in Lending Act ("TILA") was to expire. The lawsuit is premature, constitutes a patent violation of Rule 11 of the Federal Rules of Civil Procedure, and should be dismissed immediately. There is no basis for the filing of a lawsuit until a demand for rescission has been made and a creditor has failed to take steps to initiate the rescission process within the required time period.

With regard to the demand for rescission itself, our clients deny that any violation of TILA occurred in connection with the transactions at issue. However, in order to avoid the expense of litigation, they are willing to rescind the loans in question. Please be advised that the rescission process has been initiated per your clients' request. In order to complete rescission of the first mortgage loan in the original principal amount of $300,000.00, your clients must tender the following amounts to Homecomings Financial, LLC ("Homecomings"), together with an executed copy of a settlement agreement and release:

| FIRST MORTGAGE LOAN | | |
|---|---|---|
| Original principal balance: | | $300,000.00 |
| Principal paid: | | $0.00 |
| Interest paid: | $20,676.28 | |

Atlanta, Austin, Boston, Chicago, Dallas. Houston, London, Los Angeles, New Orleans, New York, Sacramento, Washington DC

CHI1 1484328v.3

# EXHIBIT 1

Mr. Al Hofeld, Jr.
April 30, 2008
Page 2

| | | |
|---|---|---|
| Closing costs: | $2,860.43 | |
| Total paid by borrower: | | $23,536.71 |
| **Total Amount to Rescind** | | **$276,463.29** |

With regard to the second mortgage loan in the original principal amount of $15,000.00, we are in the process of confirming payment activity on the loan and will provide an up-to-date rescission calculation shortly. However, the following reflects an *estimated* calculation based on information currently available to us:

| SECOND MORTGAGE LOAN | | |
|---|---|---|
| Original principal balance: | | $15,000.00 |
| Principal paid: | | $60.34 |
| Interest paid: | $2,369.88 | |
| Closing costs: | $1,102.06 | |
| Total paid by borrower: | | $3,471.94 |
| **Total Amount to Rescind:** | | **$11,467.72** |

I am enclosing a copy of the account histories for the loans so that you may verify the computations above. Additional documents relating to the second mortgage will follow. You are already in possession of the HUD-1s, which reflect the closing costs your clients paid in connection with each loan.

Please confirm that we are in agreement as to the rescission amounts and that your clients intend to move forward with the rescission as soon as possible. Upon tender of the required amounts, along with the referenced settlement agreement and release, our clients will consummate the termination of their security interests. Please let us know if you have any objection to this procedure for completing the rescission of your clients' loans.

Very truly yours,

LOCKE LORD BISSELL & LIDDELL LLP

*J. Matthew Goodin*

J. Matthew Goodin

JMG:k
Enclosures
bcc:    Mr. David Hagens via e-mail
        Ms. Christine Buen via e-mail
        Mr. Thomas Cunningham via e-mail

CHI1 1484328v.3

```
Homecomings Financial, LLC                        PAGE      1
P.O. Box 205                                      DATE 04/22/08


Waterloo              IA 50704
                                   HISTORY FOR ACCOUNT 7470247396


      --------- MAIL ------------------- --------- PROPERTY ----------------


      LEE D WEST
      LYNN M WEST
      708 OAKWOOD DR                      708 OAKWOOD DR

      WESTMONT            IL 60559   WESTMONT            IL 60559

      ------ DATES ------  ---- CURRENT BALANCES -----  ------- UNCOLLECTED -------
PAID TO    03/01/08  PRINCIPAL          0.00  LATE CHARGES          0.00
NEXT DUE   04/01/08  ESCROW             0.00  OPTIONAL INS          0.00
LAST PMT   03/22/08  UNAPPLIED FUND     0.00  INTEREST              0.00
AUDIT DT   09/22/06  UNAPPLIED CODES          FEES                  0.00
                     BUYDOWN    FUND    0.00  ------ YEAR TO DATE -------
      LAST ACTIVITY  BUYDOWN    CODE          INTEREST           6390.97
          04/01/08                            TAXES                 0.00
-----------------------------------------------------------------------------

POST   TRN  DUE     TRANSACTION    PRINCIPAL    INTEREST       ESCROW
DATE   CDE  DATE    AMOUNT         PAID         PAID           PAID
------ ---  ------  ------------   ----------   ------------   ----------
092206 AA  100106           .00          .00        271.23          .00
                    BAL AFTER      300000.00                        00.00
                    OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
092606 SR  100106       1289.85          .00           .00      1289.85
                    BAL AFTER      300000.00                     1289.85
                    OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
102606 RP  110106       1503.90       323.95        750.00       429.95
                    BAL AFTER      299676.05                     1719.80
                    OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
103106 PRO 100106      -1503.90      -323.95       -750.00      -429.95
                    BAL AFTER      300000.00                     1289.85
                    OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
103106 AA  100106           .00          .00           .00     -1289.85
                    BAL AFTER      300000.00                        00.00
                    OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
103106 AA  100106           .00          .00           .00      1289.85
                    BAL AFTER      300000.00                     1289.85
                    OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
103106 RP  110106       1503.90       323.95        750.00       429.95
                    BAL AFTER      299676.05                     1719.80
                    OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
121106 RP  120106       1503.90      -986.32       2060.27       429.95
                    BAL AFTER      300662.37                     2149.75
                    OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
010307 RP  010107       1503.90      -993.10       2067.05       429.95
   LC DATE 010207   BAL AFTER      301655.47                     2579.70
                    OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00


   SBO17578
```

```
HISTORY FOR ACCOUNT  7470247396                          PAGE     2
                                                         DATE 04/22/08


         --------- MAIL ------------------- --------- PROPERTY ----------------

         LEE D WEST
         LYNN M WEST
         708 OAKWOOD DR                          708 OAKWOOD DR

         WESTMONT          IL 60559      WESTMONT            IL 60559

------------------------------------------------------------------------
POST   TRN  DUE   TRANSACTION   PRINCIPAL     INTEREST      ESCROW
DATE   CDE  DATE   AMOUNT        PAID          PAID         PAID
------ ---  ------ -------------- ------------- ------------- -------------
020607 RP  020107        1539.72    -1031.35      2105.30      465.77
                  BAL AFTER       302686.82                   3045.47
                  OPTIONAL INS BAL      00.00 LATE CHARGE BAL    00.00
030507 RP  030107        1539.72    -1038.55      2112.50      465.77
   LC DATE 030207 BAL AFTER       303725.37                   3511.24
                  OPTIONAL INS BAL      00.00 LATE CHARGE BAL    00.00
033007 RP  040107        1539.72    -1045.80      2119.75      465.77
                  BAL AFTER       304771.17                   3977.01
                  OPTIONAL INS BAL      00.00 LATE CHARGE BAL    00.00
042607 M20 040107         -470.00        .00          .00     -470.00
                  BAL AFTER       304771.17                   3507.01
                  OPTIONAL INS BAL      00.00 LATE CHARGE BAL    00.00
043007 RP  050107        1539.72    -1084.85      2158.80      465.77
   LC DATE 042807 BAL AFTER       305856.02                   3972.78
                  OPTIONAL INS BAL      00.00 LATE CHARGE BAL    00.00
050807 E90 050107       -2480.97  PAYEE = 0022.00000         .00    -2480.97
                  BAL AFTER       305856.02                   1491.81
T:32687    /B:001 OPTIONAL INS BAL      00.00 LATE CHARGE BAL    00.00
061407 AP  060107        1539.72    -1092.53      2166.48      465.77
   REF NUMBER     000000000000 DESC
                  BAL AFTER       306948.55                   1957.58
T:00607    E/B:001 OPTIONAL INS BAL     00.00 LATE CHARGE BAL    00.00
061407 FB  060107              7.50 171 SPEEDPAY FEE
T:00607    /B:000
061407 FEA 060107              7.50 171 SPEEDPAY FEE
                  000000000000
T:00607    /B:001
071607 AP  070107        1539.72    -1100.27      2174.22      465.77
   REF NUMBER     000000000000 DESC
   LC DATE 071407 BAL AFTER       308048.82                   2423.35
T:00607    E/B:001              00.00                            00.00
071607 FB  070107              7.50 171 SPEEDPAY FEE
   LC DATE 071407
T:00607    /B:000


     SBO17578
```

```
HISTORY FOR ACCOUNT  7470247396                        PAGE     3
                                                       DATE 04/22/08


        --------- MAIL -------------------- --------- PROPERTY ----------------

        LEE D WEST
        LYNN M WEST
        708 OAKWOOD DR                          708 OAKWOOD DR

        WESTMONT            IL 60559      WESTMONT            IL 60559

----------------------------------------------------------------------------
 POST  TRN  DUE     TRANSACTION    PRINCIPAL      INTEREST       ESCROW
 DATE  CDE  DATE     AMOUNT         PAID           PAID           PAID
------ --- ------ --------------- ------------- ------------- -------------
071607 FEA 070107          7.50 171 SPEEDPAY FEE
  REF NUMBER    000000000000 DESC
  LC DATE  071407
T:00607    /B:001
072307 SRA 070107         44.51          .00           .00          44.51
                   SG0LNJBBVR18
  LC DATE  072107  BAL AFTER     308048.82                        2467.86
T:00405    P/B:001                        00.00                      00.00

080307 E90 070107      -2480.97  PAYEE = 0022.00000       .00      -2480.97
                   BAL AFTER     308048.82                         -13.11
T:32687    /B:001                                                   00.00
081007 GRU 000000 000000 GRACE UNAP AMT:        .00
  REF NUMBER    SG0LS7L2AHSV DESC
081007 AP  080107       1539.72      -1108.06      2182.01         465.77
                   BAL AFTER     309156.88                         452.66
T:00330    K/B:001                        00.00                      00.00

082707 AMC 090107   INTEREST RATE CHG OLD    8.50000   NEW    8.37500
  REF NUMBER    SG0M0EICQTE6 DESC
                   BAL AFTER     309156.88                         452.66
                   OPTIONAL INS BAL     00.00 LATE CHARGE BAL      00.00
082707 AP  090107       1526.60      -1115.91      2189.86         452.65
                   BAL AFTER     310272.79                         905.31
T:00330    K/B:001 OPTIONAL INS BAL     00.00 LATE CHARGE BAL      00.00


092807 AP  100107       1526.60      -1091.50      2165.45         452.65
  REF NUMBER    SG0M8OGGLVST DESC
                   BAL AFTER     311364.29                        1357.96
T:00330    K/B:001 OPTIONAL INS BAL     00.00 LATE CHARGE BAL      00.00
103007 RT  100107      -1357.96          .00           .00       -1357.96
  LC DATE  100107  BAL AFTER     311364.29                          00.00
T:22023    /B:000 OPTIONAL INS BAL     00.00 LATE CHARGE BAL      00.00



        SBO17578
```

```
HISTORY FOR ACCOUNT  7470247396                          PAGE      4
                                                          DATE 04/22/08


        --------- MAIL -------------------- --------- PROPERTY ----------------


        LEE D WEST
        LYNN M WEST
        708 OAKWOOD DR                          708 OAKWOOD DR

        WESTMONT            IL 60559     WESTMONT            IL 60559

     ------------------------------------------------------------------------
     POST   TRN  DUE    TRANSACTION    PRINCIPAL      INTEREST      ESCROW
     DATE   CDE  DATE      AMOUNT        PAID           PAID         PAID
     ------ ---  ------ -------------- ------------- ------------- -------------
     103007 ITR 100107  OLD INV 90412   86 P-BAL   311364.29 INT              .00
                        NEW INV 90615    1  PERCENT OWNED    .0000 ACTION CD 000
                        BAL AFTER       311364.29                        00.00
     T:22023    /B:000  OPTIONAL INS BAL     00.00 LATE CHARGE BAL          00.00
     103007 PT  100107          1357.96       .00          .00          1357.96
      LC DATE  100107  BAL AFTER       311364.29                       1357.96
     T:22023    /B:000  OPTIONAL INS BAL     00.00 LATE CHARGE BAL          00.00


     111607 AP  110107         1526.60     -1099.11      2173.06       452.65
       REF NUMBER      000000000000 DESC
                        BAL AFTER       312463.40                       1810.61
     T:00607    E/B:001 OPTIONAL INS BAL     00.00 LATE CHARGE BAL          00.00
     111607 FB  110107          7.50 171 SPEEDPAY FEE
                        SG0MKSQGHHI8
     T:00607    /B:000


     111607 FEA 110107          7.50 171 SPEEDPAY FEE
       REF NUMBER      000000000000 DESC
     T:00607    /B:001
     120807 AMC 120107   INTEREST RATE CHG OLD     8.37500    NEW     8.25000
       REF NUMBER      SG0MQBAQ0RKS DESC
                        BAL AFTER       312463.40                       1810.61
                        OPTIONAL INS BAL     00.00 LATE CHARGE BAL          00.00


     120807 AP  120107         1526.60     -1106.78      2180.73       452.65
                        BAL AFTER       313570.18                       2263.26
     T:00330    K/B:001 OPTIONAL INS BAL     00.00 LATE CHARGE BAL          00.00
     011108 AMC 010108   INTEREST RATE CHG OLD     8.25000    NEW     8.12500
       REF NUMBER      SG0N359G2H9A DESC
                        BAL AFTER       313570.18                       2263.26
                        OPTIONAL INS BAL     00.00 LATE CHARGE BAL          00.00



        SBO17578
```

```
HISTORY FOR ACCOUNT  7470247396                        PAGE      5
                                                       DATE 04/22/08


        --------- MAIL -------------------- --------- PROPERTY ----------------

        LEE D WEST
        LYNN M WEST
        708 OAKWOOD DR                        708 OAKWOOD DR

        WESTMONT              IL 60559   WESTMONT           IL 60559

    ------------------------------------------------------------------------
    POST  TRN  DUE    TRANSACTION    PRINCIPAL     INTEREST      ESCROW
    DATE  CDE  DATE      AMOUNT        PAID          PAID         PAID
    ------ --- ------ --------------- ------------- ------------- -------------
    011108 AP  010108        1526.60     -1081.84      2155.79      452.65
                         BAL AFTER    314652.02                   2715.91
    T:00330  K/B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL     00.00
    021408 RT  010108       -2715.91          .00           .00  -2715.91
      LC DATE 010108  BAL AFTER    314652.02                     00.00
    T:25102    /B:000  OPTIONAL INS BAL    00.00 LATE CHARGE BAL   00.00
    021408 ITR 010108  OLD INV 90615   1 P-BAL   314652.02 INT         .00
                       NEW INV 90415   1 PERCENT OWNED   .0000 ACTION CD 000
                         BAL AFTER    314652.02                     00.00
    T:25102    /B:000  OPTIONAL INS BAL    00.00 LATE CHARGE BAL    00.00
    021408 PT  010108        2715.91          .00           .00   2715.91
      LC DATE 010108  BAL AFTER    314652.02                     2715.91
    T:25102    /B:000  OPTIONAL INS BAL    00.00 LATE CHARGE BAL    00.00
    030508 UI  020108          .00          .00           .00         .00
                         BAL AFTER    314652.02                   2715.91
                       OPT PREMIUMS            .00 LATE CHARGE PYMT  -53.69*
    T:00330  K/B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL   -53.69


    030508 AMC 020108   INTEREST RATE CHG OLD    8.12500   NEW    8.00000
                         BAL AFTER    314652.02                   2715.91
                       OPTIONAL INS BAL    00.00 LATE CHARGE BAL  -53.69
    030508 AP  020108        1526.60     -1056.51      2130.46      452.65
                         BAL AFTER    315708.53                   3168.56
    T:00330  K/B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL   -53.69
    030508 UFU 020108   UNAPPLIED FUNDS (1)          53.69 BALANCE       53.69
      REF NUMBER      SG0NGNLM7OV3 DESC
                         BAL AFTER    315708.53                   3168.56
    T:00330    /B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL  -53.69
    030508 SWA 020108        53.69          .00           .00         .00
                         BAL AFTER    315708.53                   3168.56
    T:00330  K/B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL   -53.69
    032208 UI  030108          .00          .00           .00         .00
      REF NUMBER      SG0NL0EHVARA DESC
                         BAL AFTER    315708.53                   3168.56
                       OPT PREMIUMS            .00 LATE CHARGE PYMT  53.69*
    T:00330  K/B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL   00.00


        SBO17578
```

```
HISTORY FOR ACCOUNT  7470247396                        PAGE     6
                                                       DATE 04/22/08


      --------- MAIL -------------------- --------- PROPERTY ----------------


      LEE D WEST
      LYNN M WEST
      708 OAKWOOD DR                       708 OAKWOOD DR

      WESTMONT              IL 60559    WESTMONT              IL 60559

-------------------------------------------------------------------------
POST   TRN  DUE    TRANSACTION      PRINCIPAL    INTEREST      ESCROW
DATE   CDE  DATE   AMOUNT           PAID         PAID          PAID
------ ---  ------ --------------- ------------- ------------- -------------
032208 AMC 030108   INTEREST RATE CHG OLD     8.00000    NEW   7.75000
                    BAL AFTER      315708.53                    3168.56
                    OPTIONAL INS BAL    00.00 LATE CHARGE BAL    00.00
032208 UFU 030108   UNAPPLIED FUNDS (1)           -53.69 BALANCE       0.00
                    BAL AFTER      315708.53                    3168.56
T:00330    /B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL    00.00
032208 AP  030108     1580.29      -1030.77     2104.72      452.65
                    BAL AFTER      316739.30                    3621.21
                    OPT PREMIUMS        .00 LATE CHARGE PYMT  107.38
T:00330    K/B:001 OPTIONAL INS BAL    00.00 LATE CHARGE BAL    00.00
040108 SVT 030108    -3621.21          .00          .00     -3621.21
                    BAL AFTER      316739.30                      00.00
T:32580    /B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL    00.00
040108 SV  030108         .00   -316739.30          .00          .00
                    BAL AFTER          00.00                      00.00
T:32580    /B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL    00.00



     END OF HISTORY

         SBO17578
```

```
Homecomings Financial, LLC                          PAGE      1
P.O. Box 205                                        DATE 04/22/08


Waterloo            IA 50704
                              HISTORY FOR ACCOUNT 7305459240


        --------- MAIL -------------------- --------- PROPERTY ----------------


    LEE WEST

    708 OAKWOOD DR                      708 OAKWOOD DR

    WESTMONT             IL 60559   WESTMONT            IL 60559

------ DATES ------   ---- CURRENT BALANCES -----   ------- UNCOLLECTED -------
PAID TO    06/01/07  PRINCIPAL            0.00  LATE CHARGES            0.00
NEXT DUE   07/01/07  ESCROW              0.00  OPTIONAL INS            0.00
LAST PMT   04/28/07  UNAPPLIED FUND       0.00  INTEREST               0.00
AUDIT DT   09/25/06  UNAPPLIED CODES            FEES                   0.00
                     BUYDOWN   FUND       0.00  ------ YEAR TO DATE -------
     LAST ACTIVITY   BUYDOWN   CODE             INTEREST               0.00
        06/01/07                               TAXES                  0.00
------------------------------------------------------------------------------


POST   TRN  DUE    TRANSACTION    PRINCIPAL     INTEREST      ESCROW
DATE   CDE  DATE   AMOUNT         PAID          PAID          PAID
------ ---  ------ -------------- ------------- ------------- -------------
102506 RP  110106       126.40        7.34          119.06          .00
                   BAL AFTER      14992.66                       00.00
                   OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
120806 RP  120106       126.40        7.40          119.00          .00
  LC DATE  120706 BAL AFTER      14985.26                       00.00
                   OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
121206 AA  120106         .00          .00           43.06          .00
                   BAL AFTER      14985.26                       00.00
                   OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
010307 RP  010107       126.40        7.45          118.95          .00
  LC DATE  010207 BAL AFTER      14977.81                       00.00
                   OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
020907 RP  020107       126.40        7.51          118.89          .00
  LC DATE  020807 BAL AFTER      14970.30                       00.00
                   OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
030507 RP  030107       126.40        7.57          118.83          .00
  LC DATE  030207 BAL AFTER      14962.73                       00.00
                   OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
030507 RP  040107       126.40        7.63          118.77          .00
  LC DATE  030207 BAL AFTER      14955.10                       00.00
                   OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
033007 RP  050107       126.40        7.69          118.71          .00
                   BAL AFTER      14947.41                       00.00
                   OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00
043007 RP  060107       126.40        7.75          118.65          .00
  LC DATE  042807 BAL AFTER      14939.66                       00.00
                   OPTIONAL INS BAL    00.00  LATE CHARGE BAL     00.00


    SBO17578
```

```
HISTORY FOR ACCOUNT  7305459240                          PAGE      2
                                                         DATE 04/22/08


         --------- MAIL -------------------- --------- PROPERTY ----------------

    LEE WEST

    708 OAKWOOD DR                      708 OAKWOOD DR

    WESTMONT              IL 60559   WESTMONT            IL 60559

-----------------------------------------------------------------------
POST   TRN  DUE    TRANSACTION    PRINCIPAL    INTEREST       ESCROW
DATE   CDE  DATE   AMOUNT         PAID         PAID           PAID
------ ---  ------ -------------- ------------ -------------- -------------
060107 SVT 060107           .00          .00           .00           .00
                   BAL AFTER       14939.66                          00.00
T:32580    /B:001  OPTIONAL INS BAL       00.00 LATE CHARGE BAL       00.00
060107 SV  060107           .00    -14939.66           .00           .00
                   BAL AFTER          00.00                          00.00
T:32580    /B:001  OPTIONAL INS BAL       00.00 LATE CHARGE BAL       00.00



END OF HISTORY

    SBO17578
```